UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 809 |
| v. ) | |
| ) | Judge John W. Darrah |
| BEATRIZ RAMIREZ ) | |

## MEMORANDUM OPINION AND ORDER

The Defendant, Beatriz Ramirez, was charged, along with several co-defendants, with wire fraud involving obtaining mortgage loans for individuals who did not otherwise qualify for such loans. On October 19, 2007, after a jury trial, Defendant was convicted of wire fraud. Presently before the Court is Defendant's Motion for Judgment of Acquittal or a New Trial.

A motion for judgment of acquittal should only be granted if there is insufficient evidence to sustain the conviction. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (*O'Hara*). The evidence is viewed in the light most favorable to the prosecution, and a conviction will only be overturned if the record contains no evidence on which a rational jury could have returned a guilty verdict. *See O'Hara*, 301 F.3d at 569-70.

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis, the court may not re-weigh the evidence and set aside a verdict because the court feels that some

other result would be more reasonable. "The evidence must preponderate heavily against a verdict, such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, quoting *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

Defendant argues that the Court erred in denying her request to admit sworn statements of a co-defendant, Luis Uribe, as substantive evidence. Defendant contends that the statements were admissible pursuant to Federal Rule of Evidence 801(d)(2).

At trial, Uribe testified against Defendant as a government witness and pursuant to a written plea agreement. Defendant sought to introduce Uribe's grand jury testimony as substantive evidence. Because the grand jury testimony was hearsay, and no exceptions applied, the Court did not allow the use of the grand jury testimony as substantive evidence. Defendant argues that the statement was not hearsay pursuant to Fed. R. Evid. 801(d)(2).

Federal Rule of Evidence 801 provides, in pertinent part:

> (c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
> (d) Statements which are not hearsay. A statement is not hearsay if –
> 
> * * *
> 
> (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth . . . or (E) a statement by a coconspirator of a party during the course and in further of the conspiracy . . . .

Fed. R. Evid. 801.

Uribe's grand jury testimony was properly excluded as hearsay because Uribe, a co-defendant charged with the same "scheme" as Defendant, is not a "party-opponent" of Defendant – the Government is a party-opponent of both Defendant and Uribe. *See United States v. Harwood*, 998 F.2d 91, 97 (2nd Cir. 1993); *United States v. Gossett*, 877 F.2d 901, 906 (11th Cir. 1989) (both finding co-defendant's statements were not admissible as an admission by party-opponent).

Defendant next argues that the Court improperly provided the "ostrich" jury instruction.

After closing arguments, the Court gave the following jury instruction regarding knowledge:

> When the phrase "knowingly" is used in these instructions, it means that the defendant realized what he or she was doing and was aware of the nature of his or her conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.
>
> You may infer knowledge from a combination of suspicion and indifference to the truth. If you find that a person had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut her eyes for fear of what she would learn, you may conclude that she acted knowingly, as I have used the word.

*See* 7th Cir. Pattern Jury Instruction 4.06. The second paragraph of the above instruction, commonly known as the "ostrich instruction," "is appropriate where (1) the defendant claims a lack of guilty knowledge, and (2) the government has presented evidence sufficient for a jury to conclude that the defendant deliberately avoided learning the truth." *United States v. Carani*, 492 F.3d 867, 873 (7th Cir. 2007) (*Carani*). "The purpose of the ostrich instruction 'is to inform the jury that a person may not escape criminal liability by pleading ignorance if he knows or strongly suspects he is involved

3

in criminal dealings but deliberately avoids learning more exact information about the nature or extent of those dealings." *United States v. Carillo*, 435 F.3d 767, 780-81 (7th Cir. 2006), quoting *United States v. Craig*, 178 F.3d 891, 896 (7th Cir. 1999).

Deliberate indifference does not constitute less than knowledge; "it is simply another way that knowledge may be proven." *Carani*, 492 F.3d at 873. However, deliberate indifference "is more than mere negligence, the defendant must have 'deliberately avoided acquiring knowledge of the crime being committed by cutting off his curiosity through an effort of the will.'" *Carani*, 492 F.3d at 873, quoting *United States v. Leahy*, 464 F.3d 773, 796 (7th Cir. 2006) (*Leahy*).

The ostrich instruction was properly given in the instant case. Defendant claimed lack of knowledge of the scheme throughout the trial, including her own testimony. Defendant's claimed lack of knowledge was countered by the Government's evidence that Defendant profited from the scheme, she continued to participate in the scheme after she was presented and negotiated real estate contracts with the names of people who were not the individuals who were going to be living in the home, and that Uribe told Defendant that credit reports were only updated every three months so they could continue to use the same identities for multiple homes. Furthermore, there was evidence that Defendant had received training in real estate practices and policies. In light of Defendant's claimed lack of knowledge and the above evidence to the contrary, the instruction was properly given.

Defendant also argues that the Court erred in not including the optional "negligent" statement of the ostrich instruction, which states, "You may not conclude that a defendant had knowledge if he was merely negligent in not discovering the truth." *See* 7th Cir. Pattern Jury Instruction 4.06.

4

This last sentence is optional in the proposed jury instruction and was properly excluded in the instant case because the Government did not argue that negligence was sufficient to find Defendant guilty nor did the Defendant base any part of her defense to the charge on negligence.

Defendant next argues that the Court improperly refused her proffered jury instruction 5.11(a):

Proposed Jury Instruction 5.11 provides:

> (a) A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.
> [A defendant's association with conspirators [or persons involved in a criminal enterprise] is not by itself sufficient to prove his/her participation or membership in a criminal conspiracy [criminal enterprise].]
>
> (b) If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

7th Cir. Pattern Jury Instruction 5.11. The Committee Comments include that "As a general rule, (a) and (b) are alternative instructions. The bracketed paragraph in (a) may be used as additional or substitute language involving charges of conspiracy, RICO or CCE."

In the instant case, the Government's proposed jury instruction included the non-bracketed 5.11(a) and 5.11(b). Defendant also proposed the bracketed 5.11(a) jury instruction. The Court gave the jury the instruction of 5.11(b), finding that this instruction best applied to the evidence presented. Based on the evidence produced at trial, the Court did not err in providing the alternate 5.11(b) jury instruction and refusing the bracketed 5.11(a) jury instruction.

5

Defendant also argues that the Court erred in not giving her proposed jury instruction regarding specific intent.

Defendant's proffered jury instruction stated, "Intent to defraud requires a willful act by the defendant with the specific intent to deceive or cheat, usually for the purpose of getting financial gain for oneself." Defendant's proposed jury instruction was not given because it was redundant with other proper instructions before the jury. Consistent with 18 U.S.C. § 1343, the jury was instructed that to sustain the charge of wire fraud, the Government had to prove "[F]irst, that the defendant knowingly devised or participated in the scheme to defraud, as described in the indictment; Second, that the defendant did so knowingly and with the intent to defraud . . . ." The jury was further instructed that "[A] scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the loss of money or property to another." The jury also received the Seventh Circuit Pattern Jury Instructions defining "intent to defraud" and "knowingly." As to "intent to defraud," the jury was instructed that: "The phrase 'intent to defraud' means that the acts charged were done knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or the loss of money or property to another." As discussed above, the jury also received the Seventh Circuit Pattern Jury Instruction 4.06 as to "knowingly." Thus, Defendant's proposed jury instruction was properly denied as redundant; and the jury was properly instructed as to this issue.

Lastly, Defendant summarily argues that she "was not proved guilty beyond a reasonable doubt." Defendant's undeveloped and unsupported argument is waived. *See United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006). Furthermore, based on the evidence presented at trial, a rational trier of fact could have found that Defendant was proved guilty beyond a reasonable doubt.

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal or a New Trial is denied.

Dated: *March 18, 2008*

JOHN W. DARRAH
United States District Court Judge